UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RANDALL IRVIN LAHR, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-432-HAB-SLC |
| REGGIE NEVELS, | |
| Defendant. | |

OPINION AND ORDER

Randall Irvin Lahr, Sr., a prisoner without a lawyer, filed a complaint against Grant County Sheriff Reggie Nevels. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lahr asserts that Sheriff Nevels engaged in a variety of wrongs. First, he alleges that his wife has been the victim of a violent crime, he reported the crime to Sheriff Nevels, and Sheriff Nevels failed to share the information with the prosecutor's office. Lahr believes his wife remains in danger. He further complains of an inadequate police response on several occasions when he and his wife were victims of other crime. But Lahr is not entitled to a criminal investigation of those he alleges have engaged in

wrongful conduct. *Lee v. Kennedy*, No. 19-CV-1277, 2019 WL 5196372, at *1 (C.D. Ill. Oct. 15, 2019) ("Further, Plaintiff does not have a freestanding constitutional right to the investigation into another's alleged wrongful activity.") (citing *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015)).

Lahr also alleges that he has received inadequate medical care for numerous conditions. Lahr alleges he received inadequate care for an infected skin ulcer and had to perform surgery on his own foot. He alleges he received inadequate dental care and had to perform surgery on his own teeth. He reports he has a torn rotator cuff that needs to be surgically repaired. And, he reports he needs a knee replacement surgery. He also claims he is being denied treatment for sleep apnea, C.O.P.D., and short-term memory loss. Lahr, however, provides almost no detail about the nature of these conditions or his attempts to obtain care for these conditions. Furthermore, he has not explained how Sheriff Nevels was involved in denying him care for these various conditions. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

The amended complaint is short on facts, dates, and specifics about the allegedly deficient medical care Lahr has received. Based on what it does say, it is not plausible to infer that he is not receiving constitutionally adequate medical care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

      This complaint does not state a claim for which relief can be granted. Nevertheless, Lahr may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is

available from his law library.[1] After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Randall Irvin Lahr, Sr., until **March 2, 2022**, to file an amended complaint using the court's approved prisoner complaint form; and

(2) CAUTIONS Randall Irvin Lahr, Sr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 31, 2022.

                                         s/ *Holly A. Brady*
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT

---

[1] Northern District of Indiana Local Rule 8-1 requires that Lahr use the court's approved prisoner complaint form.